```
                          UNITED STATES DISTRICT COURT
                          SOUTHERN DISTRICT OF FLORIDA

                          CASE NO. 08-61219-Civ-LENARD
                          MAGISTRATE JUDGE P.A. WHITE

TOTO SIPRIEN,                   :

     Petitioner,                :
v.
                                :      REPORT OF
WALTER A. McNEIL,                      MAGISTRATE JUDGE
                                :
     Respondent.
_____:
```

Toto Siprien, a state prisoner confined at Everglades Correctional Institution at Miami, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, attacking on seven grounds the constitutionality of his convictions and sentences entered in Case No. 00-01209 in the Circuit Court of the Nineteenth Judicial Circuit of Florida at St. Lucie County.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration of the petition, as amended, the Court has the respondent's response to an order to show cause with multiple exhibits.

The extensive procedural history of this case is as follows. Siprien was convicted after jury trial of the offenses of attempted unlawful taking of a law enforcement officer's firearm, resisting an officer with violence, and possession with intent to sell or deliver cocaine. (DE# 9; Ex. B, C, D). He was sentenced to a total term of imprisonment of twenty years. (DE# 9; Ex. D). The

convictions and sentences were affirmed by the appellate court in a written opinion issued on March 27, 2002. (DE# 9; Ex. H). See also Siprien v. State, 812 So. 2d 536 (Fla. 4 DCA 2002)

Siprien pursued numerous challenges to his convictions and sentences in pro se postconviction proceedings filed in the state trial and appellate courts. On August 13, 2002, he filed his first motion pursuant to Fla.R.Crim.P. 3.850 in the trial court, raising grounds of ineffective assistance of trial counsel. (DE# 9; Ex. I). The trial court summarily denied the motion by order entered on July 22, 2003, finding that the claims raised were meritless pursuant to the standard established in Strickland v. Washington, 466 U.S. 668 (1984). (DE# 9; Ex. J). Siprien did not take an appeal from the trial court's ruling. While the Rule 3.850 motion was pending in the trial court, Siprien filed in the state appellate court, on October 11, 2002, a Petition for Writ of Habeas Corpus, alleging that he received ineffective assistance of appellate counsel on direct appeal. (DE# 9; Ex. K). The petition was denied without explanation by order entered on January 9, 2003, after a thorough response had been filed by the state. (DE# 9; Ex. L, M). Siprien's motion for consideration was subsequently denied on February 14, 2003. (DE# 9; Ex. N).

Approximately two months after the above-mentioned trial and appellate court proceedings had concluded, Siprien filed on or about September 17, 2003, a second Rule 3.850 motion in the trial court, raising various grounds for relief that had not been presented in his initial Rule 3.850 motion. (DE# 9; Ex. O). The trial court summarily denied the motion, finding all four grounds procedurally barred from postconviction review in that two of the claims could have and should have been raised on direct appeal and the two new ineffective assistance of counsel claims should have

been raised in the earlier Rule 3.850 motion. (DE# 9; Ex. P). Siprien prosecuted an appeal from the denial of postconviction relief, and the Florida appellate court in a *per curiam* decision without written opinion affirmed the trial court's ruling. (DE# 9; Ex. Q). See also Siprien v. State, 871 So. 2d 243 (Fla. 4 DCA 2004). Siprien's motion for rehearing was denied (DE# 9; Ex. R) and the mandate followed on May 7, 2004. See http://www.4dc.org.

Before the mandate had issued in his then-pending appellate proceeding, Siprien filed in the state appellate court on March 23, 2004, a second Petition for Writ of Habeas Corpus, again alleging that he received ineffective assistance of appellate counsel on direct appeal. (DE# 9; Ex. S). He raised a claim earlier presented in his first petition and raised a second claim that appellate counsel rendered ineffective assistance by failing to raise a claim of ineffective assistance of trial counsel. Id. The Florida Fourth District Court of Appeal denied the petition without explanation by order entered on April 5, 2004, and denied Siprien's motion for clarification on June 25, 2004. (DE# 9; Ex. T, U, V). Just shy of one-year later, Siprien resumed his pursuit of postconviction relief, filing in the trial court on June 5, 2005, a third Rule 3.850 motion. (DE# 9; Ex. W). The motion was summarily denied by the trial court as untimely filed in that it had been filed more than two years after the convictions became final. (DE# 9; Ex. X). The trial court's ruling was *per curiam* affirmed by the appellate court in a decision without written opinion. (DE# 9; Ex. Y). See Siprien v. State, 919 So. 2d 458 (Fla. 4 DCA 2004. After Siprien's motion for rehearing was denied, the mandate issued on February 10, 2006. (DE# 9; Ex. Z). See http://www.4dc.org.

Not deterred by his lack of success, five months later on July 26, 2006, Siprien filed in the appellate court a third Petition for

Writ of Habeas Corpus, raising various new grounds of ineffective assistance of appellate counsel. (DE# 9; Ex. AA). In a written order issued on August 16, 2006, the Florida appellate dismissed the petition as successive and an abuse of the procedure as well as untimely filed. (DE# 9; Ex. BB). After waiting more than three months, on December 1, 2006, Siprien filed in the Florida Supreme Court a Petition for Writ of Habeas Corpus, seeking immediate release from custody on the basis that his conviction of possession with intent to sell or deliver cocaine was unlawful in that the state had failed to prove that he was in constructive possession of the subject cocaine. (DE# 9; Ex. CC). The Florida Supreme Court dismissed the petition on January 12, 2007, as an unauthorized petition, *citing*, Baker v. State, 878 So. 2d 1236 (Fla. 2004).[1] (DE# 9; Ex. DD). See also Siprien v. McDonough, 949 So.2d 199 (Fla. 2007)(table).

While his habeas corpus petition was pending in the Florida Supreme Court, Siprien filed in the trial court on December 11, 2006, a Motion to Correct Sentence pursuant to Fla.R.Crim.P. 3.800(a), claiming that his sentence unlawfully exceeded the sentencing guidelines without a departure reason found by a jury in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 524 U.S. 296 (2004). (DE# 9; Ex. EE). In a written order entered on February 2, 2007, the trial court

---

[1] The Florida Supreme Court held in Baker v. State, 878 So. 2d 1236 (Fla. 2004) that habeas corpus petitions filed by noncapital defendants which seek the kind of collateral postconviction relief available through a motion filed in the sentencing court will be dismissed as unauthorized, if such petitions: (1) would be untimely if considered as motions for postconviction relief pursuant to the rule of criminal procedure governing motions to vacate, set aside, or correct sentence; (2) raise claims that could have been raised at trial or, if properly preserved, on direct appeal of the judgment and sentence; or (3) would be considered second or successive motions under the applicable rule of criminal procedure that either fail to allege new or different grounds for relief, or allege new or different grounds for relief that were known or should have been known at the time the first motion was filed.

4

summarily denied relief, finding that since Siprien's sentence did not exceed the statutory maximum, *Apprendi* and *Blakely* were not implicated and the sentence imposed was lawful. (DE# 9; Ex. FF). Siprien did not file a timely notice of appeal from the trial court's ruling, and on March 12, 2007, he sought in the Florida Fourth District Court leave to pursue a belated appeal based on his late-receipt of the trial court's order. (DE# 9; Ex. GG). While the motion for belated appeal was granted (DE# 9; Ex. HH), the appellate court ultimately *per curiam* affirmed the trial court's ruling. (DE# 9; Ex. II). See also Siprien v. State, 962 So. 2d 917 (Fla. 4 DCA 2007). The mandate issued on September 21, 2007, after Siprien's motion for rehearing was denied. See http://www.4dca.org. Meanwhile, on August 6, 2007, Siprien filed a fifth Rule 3.850 motion with supporting memorandum of law, raising the claim presented in his earlier filed petition for writ of habeas corpus filed in the Florida Supreme Court that his conviction of possession with intent to sell or deliver cocaine was unlawful in that the state had failed to prove that he was in constructive possession of the subject cocaine. (DE# 9; Ex. JJ). Construing the claim as one of insufficiency of the evidence, the trial court summarily denied the motion, finding the claim not cognizable on collateral review in that it should have been raised on direct appeal. (DE# 9; Ex. KK). The trial court's ruling was *per curiam* affirmed by the appellate court. (DE# 9; Ex. LL). See also Siprien v. State, 967 So. 2d 923 (Fla. 4 DCA 2007). The mandate issued on November 28, 2007. See http://www.4dca.org.

Eight months after all state court proceedings had concluded, Siprien filed in this Court on July 28, 2008,[2] the instant pro

---

[2]The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999)(prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing). For purposes of this habeas corpus

5

se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. In response to the order to show cause, the respondent solely asserts that this petition should be dismissed as untimely filed. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner must generally file his §2254 petition within one year from the date that his conviction became final by the conclusion of direct review or the expiration of the time for seeking such review. See 28 U.S.C. §2244(d)(1)(A); Jimenez v. Quarterman, ___ U.S. ___, ___, 129 S.Ct. 681, 685-86, 172 L.Ed.2d 475 (2009)(explaining the rules for calculating the one-year period under §2244(d)(1)(A)).[3] This period is tolled while a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending.[4] 28 U.S.C. §2244(d)(2). Moreover, the one-year

---

proceeding, Siprien's federal petition is deemed filed when he handed over his initial pleading to prison authorities for mailing on July 28, 2008 (Petition at 16)(DE# 1), and not the later date his amendment to the petition was given to prison authorities for mailing, August 29, 2008. (Amended Petition at 16)(DE# 5).

[3]The statute provides that the limitations period shall run from the latest of —

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

[4]A properly-filed application is defined as one whose "delivery and acceptance are in compliance with the applicable laws and rules governing filings," which generally govern such matters as the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. Artuz v. Bennett, 531 U.S. 4 (2000)(overruling Weekley v. Moore, 204 F.3d 1083 (11 Cir. 2000)).

6

limitations period is also subject to equitable tolling in rare and exceptional cases. Lawrence v. Florida, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007)(holding that for equitable tolling to apply, a petitioner has the burden of proving: "(1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."). See also Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310, 1312 (11 Cir. 2001)(stating that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."), cert. denied, 535 U.S. 1080 (2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11 Cir. 1999).

The judgment of conviction and sentence in the instant case became final on June 25, 2002, ninety days after the Florida Third District Court of Appeal affirmed Siprien's convictions and sentences on direct appeal. See Jimenez v. Quarterman, 129 S.Ct. at 685; SUP.CT.R. 13(1). This federal petition for writ of habeas corpus challenging the instant convictions and sentences was not filed until July 28, 2008, well-beyond one-year after the date on which the convictions and sentences became final. Accordingly, the petition is time-barred pursuant to 28 U.S.C. §2244(d)(1)(A) unless the appropriate limitations period was extended by properly filed applications for state post-conviction or other collateral review proceedings. 28 U.S.C. §2244(d)(2).

As indicated above, Siprien actively pursued postconviction challenges to his convictions and sentences in both the state trial and appellate courts. Full and careful review of the record reveals that after giving Siprien all the tolling time credit for which he is entitled, his petition was due in this Court on or before April

13, 2005.[5] Siprien is, therefore, not entitled to tolling time credit for the state court proceedings filed after that date in that they were filed after the one-year limitations period had already expired. See Tinker v. Moore, 255 F.3d 1331, 1332 (11 Cir. 2001)(holding that a state petition filed after expiration of the federal limitations period cannot toll the period, because there is no period remaining to be tolled); Webster v. Moore, 199 F.3d 1256, 1258-60 (11 Cir.)(holding that even properly filed state court petitions must be pending in order to toll the limitations period), cert. denied, 531 U.S. 991 (2000). Siprien is also not entitled to tolling time credit for those postconviction proceedings that were expressly found untimely and/or unauthorized by the state courts in that they are not properly filed postconviction proceedings. See Artuz v. Bennett, 531 U.S. 4 (2000). See also Pace v. Diguglielmo, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)(holding that petitioner's state postconviction petition, which was rejected by the state court as untimely under state statute of limitations, was not "properly filed" within the meaning of the statutory tolling provision of AEDPA limitations period; even though state court accepted and reviewed the state petition on its merits, and state statute of limitations contained certain exceptions to the time bar, in that timeliness of a state petition was condition to filing and petitioner did not meet any exceptions to the state statute of limitations). See also Drew v. Department of Corrections, 297 F.3d 1278, 1284-85 (11 Cir. 2002)(holding that claims considered

---

[5]Specifically, **forty-eight-days** after his convictions and sentences were affirmed on direct appeal, Siprien filed his first Rule 3.850 motion. After the first Rule 3.850 motion was denied and the period to take an appeal had passed (i.e., August 21, 2003), no postconviction proceedings were pending in the state courts for **twenty-six-days** (i.e., until September 17, 2003). Postconviction proceedings were then pending from September 17, 2003, through June 25, 2004. On June 25, 2004, there were **seventy-four-days** of untolled time, giving Siprien **291-days** from June 26, 2004, in which to file a timely petition (i.e., April 13, 2005). He did not file another state postconviction proceeding until June 5, 2005.

procedurally barred under state law by reason of untimeliness are not "properly filed" and can therefore not toll the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act (AEDPA)).

Unless Petitioner establishes that he is entitled to proceed under one of §2244(d)'s statutory tolling provisions, see §2244(d)(1)(B)-(D), or is entitled to equitable tolling of the limitations period, the petition is time-barred. Siprien has offered no justification whatever for his late-filing.[6] He has completely failed to explain in his initial form petition or amended form petition in the portion of the form specifically provided for such an explanation why his petition is not time-barred pursuant to 28 U.S.C. §2244(d). See Petition at ¶18; Amended Petition at ¶18. (DE# 1, 5). He also has not filed a reply to the respondent's response to the order to show cause, where the respondent solely asserts that the instant petition should be dismissed as untimely. See Response to Order to Show Cause at 8.

Further, this case presents no grounds for the application of the doctrine of equitable tolling. Lawrence v. Florida, 549 U.S. at 336. The Eleventh Circuit has continued to emphasize that

---

[6]Generally, this Court enters an order to the petitioner, requiring him or her to state whether one or more of the four statutory factors, see 28 U.S.C. §2244(d)(1)(A)-(D), justifies consideration of this petition for writ of habeas corpus. The order advises the petitioner that failure to demonstrate the existence of at least one of the four factors would probably result in dismissal of the petition as time barred. The petitioner in this case was inadvertently not so notified. He need not now receive the Court's order, however. As indicated, the respondent expressly asserted that the instant petition was time-barred and did not address the merits of the claims raised whatever. Further, the undersigned's Report and Recommendation entered this date clearly places Siprien on notice that the one-year statute of limitations is dispositive in this habeas corpus case. Thus, rather then further delay disposition of this federal proceeding any appropriate opposition to the time-bar can be asserted by Siprien through the filing of timely objections to this Report.

9

"[e]quitable tolling is an extraordinary remedy that must be applied sparingly" for "[a] truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11 Cir. 2008). Review of the record clearly reveals that while Siprien has certainly been an active litigant, he has not pursued the process with diligence and alacrity. One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence. See Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984). See also Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990)(principles of equitable tolling do not extend to what is best a garden variety claim of excusable neglect). "[E]quity is not intended for those who sleep on their rights." See Fisher v. Johnson, 174 F.3d 710 (5 Cir. 1999), citing, Convey v. Arkansas River Co., 865 F.2d 660, 662 (5 Cir. 1989).

If Siprien were to contend that he is entitled to take advantage of the doctrine of equitable tolling on the basis of actual innocence, as he appeared to do in some of the state postconviction proceedings, his assertion would be unavailing. As a threshold matter, the Eleventh Circuit has never held that Section 2244(d)'s limitations period carries an exception for actual innocence, and it has declined to reach the issue whether the absence of such an exception would violate the Constitution. See Wyzykowski v. Department of Corr., 226 F.3d 1213, 1218-19 (11 Cir. 2000)(leaving open the question whether the §2244 limitation period to the filing of a first federal habeas petition constituted an unconstitutional suspension of the writ). Were "actual innocence" an exception to the application of the one-year limitations provisions of §2244, the Court would still be precluded from reviewing the claims presented in the instant petition on the merits in that Siprien fails to state a colorable claim of actual innocence. Siprien presents only his self-serving, conclusory

allegation that he is actually innocent of the possession with intent to sell or deliver cocaine conviction and/or resisting an officer with violence convictions.[7] As was true in the state postconviction proceeding, Siprien has submitted no "new reliable evidence" whatever to support his claim of actual innocence of the subject crimes nor has he suggested that this requisite evidence exists so as to meet the stringent standard.[8] See House v. Bell, 547 U.S. 518, 126 S.Ct. 2064 (2006)(holding actual innocence requires substantive review only in extraordinary cases).

It appears that Siprien is claiming that the cocaine was not his and that the officers had planted it on him and that he was not resisting arrest, but acting in self-defense. The evidence admitted at trial as summarized by the appellate court in its opinion on direct appeal clearly indicates that the evidence was sufficient to sustain the conviction:[9]

---

[7] Absent supporting evidence in the record, a court cannot consider a habeas petitioner's mere assertions on a critical issue in his pro se petition to be of probative value. Ross v. Estelle, 694 F.2d 1008, 1011-12 (5 Cir. 1983).

[8] The Supreme Court has reiterated the standard to be applied to claims of actual innocence. See House v. Bell, 547 U.S. 518, 536-39 (2006)(citing Schlup v. Delo, 513 U.S. 298, 319-322, 324 (1995)). The Supreme Court noted that while the "standard is demanding and permits review only in the 'extraordinary' case", the Schlup standard does not require absolute certainty about the petitioner's guilt or innocence." Id. (citations omitted). Accordingly, "[a] petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt--or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt." Id. In the habeas context, "actual innocence" means factual innocence, not mere legal insufficiency. Bousley v. U.S., 523 U.S. 614, 623 (1998). The petitioner must support the actual innocence claim "with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." Schlup, 513 U.S. at 324.

[9] For a more detailed recitation of the strong evidence presented at trial which supports the subject convictions with citations to the trial transcript, see the briefs filed in the direct appeal. ((DE# 9; Ex. E, F, G). This Court notes that the respondent has also filed a copy of the trial transcript, however, the copy provided is incomplete in that it does not include the full testimony of Officer Farless or any testimony offered by state witnesses Terri Botterbush and Babu Thomas. (DE# 9; Ex. B). The copy does include the complete direct

> At trial, Officer Farless testified that on the date in question he served a misdemeanor arrest warrant on Siprien at the latter's home. As Siprien put on his shoes, the officer noticed a plastic pill bottle labeled "liquid wormer for puppies and dogs" in Siprien's shoe. Siprien put the bottle in his hand and held it close to his chest. Siprien then wrestled with the officer as he tried to retrieve the bottle, and Siprien threw it into the street. The officer finally had to subdue Siprien with pepper spray, but Siprien put his hands on the officer's gun and holster. Back-up arrived, recovered the pill bottle, and found 92 rocks, later determined to be cocaine, inside it.

Siprien v. State, 812 So.2d 536, 538 (Fla. 4 DCA 2002). At trial, Siprien was called as a witness in his own behalf and his testimony directly contradicted Officer Farless' version of the events. See Trial Transcript at 247-51, 272-83. (DE# 9; Ex. B). He testified that he would not allow the officer to search his pocket, because the officer was concealing something in his hand. Id. at 250. Siprien testified that when he did not permit the officer to search his pocket, the officer next punched him in the face, knocked him to the ground, jumped on his back, and then sprayed him in the face with pepper spray. Id. He denied touching the officer's gun. Id. Siprien also adamantly denied knowledge of the subject pill bottle, claiming that he had no idea where it had come from and that the pill bottle was not his. Id. at 251. During cross-examination, it was revealed that Siprien had claimed that the officer had planted the pill bottle on him. Id. at 276-78. Siprien further testified that he had not attacked Officer Farless, rather, the officer had attacked him. Id. at 278-80.

The defense at trial, succinctly stated at the start of

---

examination of Officer Farless and a portion of the cross-examination of the officer as well as the complete testimony of Siprien. Thus, for the purposes of this proceeding, the record is sufficient for this Court to dispose of the instant petition.

closing argument to the jury by trial counsel, was as follows: "This case really does come down to who are you going to believe." <u>Id</u>. at 317. Siprien, by way of his own testimony, presented the defense that Officer Fearless had been lying in that the cocaine was not his and that he was acting in self-defense, as he maintains in this federal proceeding. As was the prerogative of the jury, it rejected the defense presented, and instead believed the strong evidence admitted by the state and the testimony of Officer Farless as well as the other state witnesses. This Court must defer to the jury's judgment as to the weight and credibility of the evidence. <u>See</u> <u>Wilcox v. Ford</u>, 813 F.2d 1140, 1143 (11 Cir. 1987). Siprien has offered no new evidence whatever to support any assertion of actual innocence. The new evidence would be required because it is clear that the evidence presented at trial when viewed most favorable to the prosecution was sufficient to have permitted a rational trier of fact to find that Siprien committed the crimes for which he was convicted. <u>See</u> <u>Jackson v. Virginia</u>, 443 U.S. 307 (1979). Further, "[i]t is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. <u>See</u> <u>Sawyer v. Whitley</u>, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." <u>Bousley v. United States</u>, 523 U.S. 614, 623-624, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). Since Siprien has come forward with no new reliable evidence to support his claim of actual innocence, he has failed to meet the requisite high standard for actual innocence. In other words, Siprien's mere assertions made in the state court postconviction proceedings and in this federal proceeding do not undermine this Court's confidence in the outcome of the trial. As was found by the state courts during the many postconviction proceedings, where the identical allegation was made many times, there is no evidence of record whatever that Siprien's convictions were based upon materially false evidence and

falsified charges brought by the police.[10]

The record also does not demonstrate that Siprien was in any way impeded by any unconstitutional State action in pursuing state postconviction relief or filing this federal petition for writ of habeas corpus, and actually indicates to the contrary as demonstrated by the above-reviewed state postconviction proceedings. Finally, Siprien's status as an unskilled layperson does not excuse the delay. See Johnson v. United States, 544 U.S. 295, 311, 125 S.Ct. 1571, 1582 (2005)(stating that "the Court has never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."). See also Rivers v. United States, 416 F.3d at 1323 (holding that while movant's lack of education may have delayed his efforts to vacate his state conviction, his procedural ignorance is not an excuse for prolonged inattention when promptness is required).

In conclusion, the time-bar is ultimately the result of Siprien's failure to properly and timely prosecute state postconviction proceedings and then this federal habeas corpus petition. Since this habeas corpus proceeding instituted on July 28, 2008, is untimely, the claims raised in the petition are time-barred pursuant to 28 U.S.C. §2244(d)(1)-(2) and Siprien is not entitled to review on the merits of his claims.

It is therefore recommended that this petition for writ of habeas corpus be dismissed as untimely filed pursuant to 28 U.S.C. §2244(d)(1)-(2).

---

[10] It is undisputed that a state's knowing use of materially false evidence in a criminal prosecution is violative of due process principles. See Giglio v. United States, 405 U.S. 150, 153 (1972); Napue v. Illinois, 360 U.S. 264, 269 (1959).

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

SIGNED this 25th day of June, 2009.

                                      UNITED STATES MAGISTRATE JUDGE

cc: Toto Siprien, Pro Se
    DC# 165211
    Everglades Correctional Institution
    P. O. Box 949000
    Miami, FL 33194-9000

    Georgina Jimenez-Orosa, AAG
    Office of the Attorney General
    1515 North Flagler Drive, #900
    West Palm Beach, FL 33401-3428